UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| RAYMON LITTELL,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF OREGON *by and through the Oregon Department of Corrections;* GARTH GULICK,<br><br>    Defendants. | Case No. 2:23-cv-01084-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

Plaintiff Raymon Littell ("Plaintiff"), an adult in custody ("AIC") at an Oregon Department of Corrections ("ODOC") facility, brings suit under 42 U.S.C. § 1983 and state law. Plaintiff alleges that the State acted negligently and that a medical practitioner acted with deliberate indifference by failing to notice that a medication for his heart condition had expired. Before the Court is Defendant ODOC and Defendant Dr. Garth Gulick's ("Gulick") (collectively "Defendants") Motion for Summary Judgment. Defs.' Mot. for Summ. J. ("MSJ"), ECF No. 25. For the reasons explained below, Defendants' Motion for Summary Judgment is GRANTED.

## BACKGROUND

In June 2020, while in ODOC custody, a doctor at the Oregon Heart Center diagnosed Plaintiff with chronic systolic congestive heart failure—a serious medical condition that requires continuous and careful medical management. Krishnan Decl. ¶ 4, ECF No. 32; Burgess Decl.,

Ex. 1 ("Pl. Med. R. (Pl.)") at 1, ECF No. 31-1.[1] To help manage chronic fluid overload caused by Plaintiff's heart condition, in November 2020, Plaintiff was given a one-year prescription of Lasix (furosemide), commonly referred to as a "water pill." Pl.' Med. R. (Pl.) at 1. Plaintiff was also suffering from a number of other health conditions.

Defendant Dr. Gulick began treating Plaintiff in February 2021. Sec. Aggrey Decl., Ex. 1 ("Pl. Med. R. (Defs.)") at 35, ECF No. 40-1. On March 13, 2021, Plaintiff told a member of ODOC's medical staff that he needed stronger water pills and that he sometimes felt like he was drowning. Pl. Med. R. (Defs.) at 13. Plaintiff was informed that he would be "put in for a chart review regarding the water pills." *Id*. Between February and October of 2021, Dr. Gulick examined Plaintiff numerous times and performed chest X-rays, echocardiograms, lab work, and comparative chest exams.

Plaintiff's Lasix prescription was last ordered in August 2021. Aggrey Decl. Ex. 101 ("Gulick Dep.") at 13:16-22, ECF No. 26. When Dr. Gulick saw Plaintiff on October 12, 2021, Plaintiff's Lasix prescription had recently expired. *Id.* at 10:24-11:8. During that visit, Plaintiff did not bring up the water pills and Dr. Gulick testified that he "didn't see a need for him being on Lasix" because there were no signs of edema (swelling caused by fluid buildup). *Id.* at 11:8-10. According to Dr. Gulick, Lasix is not a preventative heart failure medication and is only used for treatment when the patient has edema. *Id.* at 11:10-12. Dr. Gulick testified that if Plaintiff had requested Lasix or if he had been aware that he was on it before then he would have ordered the prescription. *Id.* at 11:13-15, 23:20-24. Dr. Gulick admitted Plaintiff into the infirmary and ordered chest x-rays and labs. He also performed diagnostic tests including lung exercises. Pl.'s

---

[1] Both parties submitted different excerpts of Plaintiff's medical record. The "(Pl.)" parenthetical and "(Defs.)" distinguish which exhibit the Court is citing.

Med. R. (Defs.) at 12. Plaintiff told a nurse that "my attorney advised me not to take medication" and the nurse advised Plaintiff "to follow the physician orders, as [an] attorney is not a medical provider[;]" Plaintiff agreed. Pl.'s Med. R. (Defs.) at 12. On October 13, 2021, Plaintiff received a chest x-ray and had lab work done which determined his lungs were clear. *Id*. at 11, 32-34. On October 14, 2021, Plaintiff reported that he "was not experiencing any difficulty with breathing." *Id.* at 9. On October 17, 2021, Plaintiff's provider noted that Plaintiff stated "I feel fine. I am bored, and want to go back to G[eneral] P[opulation]. I am just in here working on my case." *Id.* at 7. Plaintiff rated his pain as "0/10." *Id.*

On November 20, 2021, Plaintiff was again seen in the infirmary and reported that he was having swelling in his legs and wanted his water pills back to help with the swelling. Pl. Med. R. (Pl.) at 7. There is no evidence that Dr. Gulick was aware of Plaintiff's request at this visit. On April 29, 2022, Plaintiff was prescribed Lasix. *Id*. at 5. It is unclear if Dr. Gulick was Plaintiff's physician when the Lasix prescription was renewed. *See* Gulick Dep. 21:20-22 (when asked if Gulick knew "what degree of edema [Plaintiff] had prior to [Gulick] prescribing [Plaintiff] Lasix in April of 2022[,]" Gulick answered, "I don't recall.").

On July 7, 2023, Plaintiff brought this action, alleging that Dr. Gulick's failure to renew Plaintiff's Lasix prescription in October 2021 violated Plaintiff's right to be free from cruel and unusual punishment under the Eight Amendment. Plaintiff also alleges that ODOC negligently provided inadequate medical care. On February 19, 2025, Defendants moved for summary judgment.

## STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630.

## DISCUSSION

Plaintiff alleges that Dr. Gulick's failure to ensure that Plaintiff's Lasix prescription did not expire constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment.[2] Plaintiff also alleges that ODOC negligently provided inadequate medical treatment. Defendants move for summary judgment on both claims, arguing that the undisputed facts fail to show deliberate indifference to Plaintiff's medical needs and that the claim against ODOC is barred by Eleventh Amendment immunity and failure to provide timely tort claim notice.

---

[2] Plaintiff also alleged that Dr. Gulick mismanaged Plaintiff's thyroid medication. Plaintiff abandoned this theory of liability in his Response brief and the Court does not address it. *Shakur v. Schriro*, 541 F.3d 878, 892 (9th Cir. 2008) (failure to respond abandons the claim).

Page 4 — OPINION AND ORDER

I.   **Plaintiff's § 1983 Claim Against Dr. Gulick**

Defendants argue Dr. Gulick is entitled to summary judgment because there is no evidence that he acted with deliberate indifference to Plaintiff's serious medical needs.

42 U.S.C. § 1983 allows a person to sue a state actor for the deprivation of a right protected by federal law. *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). To bring a claim under § 1983, the plaintiff must show that each named defendant, through their own individual actions, violated the plaintiff's constitutional right. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an AIC's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To sustain this claim, Plaintiff must establish the existence of "a serious medical need" and show that "defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A "'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (quoting *Estelle*, 429 U.S. at 104). A prison official acts with deliberate indifference when he knows that an AIC is faced with a "substantial risk of serious harm" and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Deliberate indifference to an AIC's serious medical needs may be shown by the denial, delay, or intentional interference with medical treatment or by the manner in which prison officials provide medical care. *Estelle*, 429 U.S. at 104-05; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). The indifference to an AIC's medical needs must be substantial; inadequate treatment due to negligence, inadvertence, or differences in opinion between AICs and medical

personnel do not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 105-06. "A prison official acts with deliberate indifference only if the prison official knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks and alterations omitted). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.* (citation omitted).

Here, there is no dispute that Plaintiff's chronic heart condition constituted a serious medical need. Defs.' Reply at 3, ECF No. 41. Plaintiff's expert, cardiologist Dr. Krishnan, opines that allowing Plaintiff's Lasix medication to expire without review was an inappropriate medical response to Plaintiff's heart condition. Krishnan Decl. ¶ 5. Dr. Gulick testified that when he treated Plaintiff in October 2021, he was not aware that Plaintiff had been taking Lasix or that his Lasix prescription had expired. Dr. Gulick also testified that he would have restarted Plaintiff's Lasix prescription if Plaintiff had asked or if he had been aware that Plaintiff was on it before. Dr. Gulick did not see a need to prescribe Lasix at the October 2021 visit because, in his opinion, Lasix is only medically beneficial when the patient shows signs of edema, which he did not observe. In response, Dr. Krishnan opines that Dr. Gulick's testimony "reflects a misunderstanding of standard cardiology practice[.]" Krishnan Decl. ¶ 8. However, evidence that Dr. Gulick misunderstood standard cardiology practice does not show deliberate indifference. Dr. Gulick cannot be subjectively aware of a risk that he fails to understand. While the appropriateness of Dr. Gulick's care remains disputed, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Plaintiff argues that "[a] jury could find that Dr. Gulick *effectively had knowledge* of Plaintiff's need for Lasix (because the need was documented in Plaintiff's history and would be

apparent to any reasonable doctor familiar with heart failure management), and that Dr. Gulick failed to act on that knowledge." Pl.'s Resp. at 9 (emphasis added), ECF No. 30. However, the Supreme Court has expressly held that "constructive notice" is insufficient to show deliberate indifference under the Eighth Amendment. *Farmer*, 511 U.S. at 841. "It is not enough merely to find that a reasonable person would have known, or that the defendant should have known" that he was disregarding a substantial risk because the risk was obvious. *Id.* at 843 n.8. Instead, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Examples of cases where the obviousness of the risk was so clear that a jury could infer that the defendant was subjectively aware of and deliberately disregarded the risk to the plaintiff stand in stark contrast to the facts of this case. For example, in *Lemire v. California Dep't of Corr. & Rehab.*, the Ninth Circuit held that a jury could infer deliberate indifference to the risk of death where the prison officials, trained to administer CPR, stood idly waiting for medical assistance to arrive while the plaintiff lay unresponsive and purplish in his cell. 726 F.3d 1062, 1083 (9th Cir. 2013). And in *Farmer*, the Supreme Court held that a jury could infer deliberate indifference to the risk of sexual assault where the prison officials placed a transgender woman with silicone breast implants into general population at a men's high security institution. 511 U.S. at 842. In contrast, here, the risk of failing to notice that Plaintiff's Lasix prescription had expired was not so obvious that a jury could reasonably infer that Dr. Gulick deliberately failed to act.

Dr. Gulick admitted Plaintiff into the infirmary, ordered x-rays and labs, and evaluated Plaintiff's lungs and breathing. Assuming—without finding—that Dr. Gulick's chosen course of treatment was medically unacceptable under the circumstances, there is no evidence that Dr.

Gulick "'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Dr. Krishnan's opinion was not a contemporaneous recommendation that Dr. Gulick disregarded. This case is therefore not "akin to cases finding deliberate indifference where prison officials and doctors deliberately ignored the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner." *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992). Moreover, Dr. Gulick gave unrebutted testimony that he would have provided Lasix upon Plaintiff's request and there is no evidence that Dr. Gulick refused to renew Plaintiff's Lasix prescription. Summary judgment is granted in favor of Dr. Gulick on Plaintiff's § 1983 claim.

## II.   Plaintiff's Negligence Claim Against ODOC

Plaintiff alleges that ODOC negligently provided inadequate medical care to Plaintiff. Plaintiff did not bring a medical malpractice claim against Dr. Gulick. Defendants argue that they are entitled to summary judgment because (1) the claim against ODOC is barred by Eleventh Amendment immunity and (2) Plaintiff failed to give timely notice of his intent to bring a claim under the Oregon Tort Claims Act ("OTCA").

### A.   Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). "Sovereign immunity is quasi-jurisdictional in nature. It may be forfeited where the state fails to assert it and therefore may be viewed as an affirmative defense." *In re Bliemeister*, 296 F.3d 858, 861 (9th Cir. 2002). "Express waiver is not required; a state 'waive[s] its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity.'" *Id.* (quoting *Hill v. Blind Indus. & Servs. of*

*Maryland*, 179 F.3d 754, 758 (9th Cir.), *opinion amended on denial of reh'g,* 201 F.3d 1186 (9th Cir. 1999)).

Here, Defendants raised Eleventh Amendment immunity for the first time when moving for summary judgment on the merits, approximately eighteen months after Plaintiff filed his Complaint. *See* Defs.' Answer, ECF No. 12. However, Plaintiff does not oppose ODOC's assertion of Eleventh Amendment Immunity. Pl.'s Resp. at 20. ODOC is immune from suit in federal court on Plaintiff's negligence claim.

      **B.**      **Timely Notice Under the Oregon Tort Claims Act.**

In the alternative to Eleventh Amendment immunity, Defendants argue they are entitled to summary judgment on Plaintiff's negligence claim because Plaintiff did not file a tort claim notice. Plaintiff's Response brief does not address the notice provision of the OTCA. Instead, Plaintiff opposes "ODOC's partial motion to dismiss in order to preserve his right to refile his claims in state court." Pl.'s Resp. at 20 (citing ORS 12.220(1) which allows a plaintiff to commence a new action within 180 days of an involuntary dismissal without prejudice). Defendants, however, do not move for dismissal without prejudice, they move for summary judgment.

The notice provision of the OTCA requires plaintiffs seeking to file claims against an Oregon public body or its employees to provide notice of that claim "within 180 days after the alleged loss or injury." 30.275(2)(b). When bringing a claim under the OTCA, "the plaintiff has the burden of proving that notice of claim was given as required[.]" ORS 30.275(7). "Failure to give timely notice . . . is fatal to a plaintiff's tort claim against a public body." *Denucci v. Henningsen*, 248 Or. App. 59, 66 (2012). Although Plaintiff's Complaint alleged that he "provided the State of Oregon with a timely Tort Claims Notice[,]" Compl. ¶ 12, Defendants' summary judgment assertion, that there is no dispute that Plaintiff did not file a tort claim notice,

Page 9 — OPINION AND ORDER

remains unrebutted. Plaintiff fails to provide any evidence that Defendants were timely noticed of his intent to bring a claim under the OTCA. Defendants are entitled to summary judgment on Plaintiff's negligence claim.

## CONCLUSION

For the reasons above, Defendants' Motion for Summary Judgment (ECF No. 25) is GRANTED.

DATED this 15th day of August 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge
